UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND A. SPIKES,<br><br>    Petitioner,<br><br>v.<br><br>GISELLE MATTESON,<br><br>    Respondent. | Case No. 22-cv-07293-HSG<br><br>**ORDER GRANTING REQUEST TO REOPEN; VACATING ORDER OF DISMISSAL AND JUDGMENT; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; ORDERING RESPONDENT TO SHOW CAUSE**<br><br>Re: Dkt. No. 8 |

Petitioner, an inmate at California State Prison – Solano, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2016 conviction from San Mateo County Superior Court. *See generally* Dkt. No. 1. For the reasons set forth below, the Court GRANTS Petitioner's request to reopen the case, Dkt. No. 8; ORDERS the Clerk to VACATE the Order of Dismissal and Judgment, Dkt. Nos. 6, 7, and REOPEN this action; GRANTS Petitioner leave to proceed *in forma pauperis*, Dkt. No. 8; and ORDERS Respondent to show cause why federal habeas relief should not be granted.

**DISCUSSION**

**I.    Request to Reopen and Request for Ruling**

Petitioner commenced this action on or about November 17, 2022, when he filed a *pro se* petition for a writ of habeas corpus. *See generally* Dkt. No. 1. On February 13, 2023, the Court dismissed this action without prejudice because Petitioner had not filed an application to proceed *in forma pauperis* or paid the filing fee. Dkt. Nos. 6, 7. In the Order of Dismissal, the Court instructed Petitioner that any motion requesting leave to reopen this action must be accompanied by either a complete *in forma pauperis* application or a filing fee. Dkt. No. 6.

On April 28, 2023, Petitioner filed a motion requesting that the Court reconsider its dismissal of this action, along with a complete *in forma pauperis* application. Dkt. No. 8. As Petitioner has corrected the filing deficiency, the Court GRANTS the request to reopen this action. Dkt. No. 8. The Court ORDERS the Clerk to VACATE the Order of Dismissal and related judgment, Dkt. Nos. 6, 7, and REOPEN this action.

## II.     Screening Petition

### A.     Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.     Amended Petition[1]

In 2016, Petitioner was found guilty of first-degree murder (Cal. Penal Code § 187), shooting at an inhabited dwelling (Cal. Penal Code § 246), and felon in possession of a firearm (Cal. Penal Code § 29800(a)(1)) by a San Mateo County jury. The jury also found true two allegations of discharge of a firearm causing great bodily injury or death (Cal. Penal Code § 12022.53(d)). Petitioner was sentenced to a term of 124 years to life in state prison. Dkt. No. 10 at 2, 16.

The petition alleges the following claims for federal habeas relief: (1) Petitioner's first-degree murder conviction is not supported by sufficient evidence of deliberate and premeditation; (2) the state court erred in excluding evidence of third-party culpability, in violation of Petitioner's rights to due process and to present a complete defense; (3) the state court erred in admitting other crimes evidence; (4) the prosecutor committed misconduct when the prosecutor elicited inadmissible evidence of Petitioner's prior violence against prostitutes and argued an improper

---

[1] Petitioner has filed an amended petition. Dkt. No. 10. This amended petition supersedes the initial petition and is now the operative petition.

inference of bad character from that evidence; (5) trial counsel was ineffective when trial counsel failed to object to the admission of bad character evidence and the prosecution's improper closing argument, failed to investigate, interview and present the testimony of exculpatory witness Vickey Simmons, and failed to object and move to exclude cell phone evidence obtained from an illegal search; (6) appellate counsel and collateral review counsel were ineffective when they failed to argue on direct appeal and in collateral proceedings that trial counsel had been ineffective when trial counsel failed to investigate, interview and present the testimony of exculpatory witness Vickey Simmons, and when trial counsel failed to object and move to exclude cell phone evidence obtained from an illegal search; (7) cumulative error; and (8) habeas counsel was ineffective for failing to investigate and interview alibi witness Johnathan Green and failing to obtain Mr. Green's declaration. *See generally* Dkt. No. 10. Liberally construed, the amended petition states cognizable claims for federal habeas relief, and merits an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court GRANTS Petitioner's request to reopen this action. Dkt. No. 8. The Court ORDERS the Clerk to VACATE the Order of Dismissal and related judgment, Dkt. Nos. 6, 7, and REOPEN the case.

2. The Court GRANTS Petitioner's request for leave to proceed *in forma pauperis*. Dkt. No. 8 at 6-10.

3. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

4. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim(s) found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

5. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

6. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Dkt. No. 8.

**IT IS SO ORDERED.**

Dated: 6/30/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge