UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND A. SPIKES,<br><br>    Petitioner,<br><br>v.<br><br>GISELLE MATTESON,<br><br>    Respondent. | Case No. 22-cv-07293-PCP<br><br>**ORDER VACATING ORDER TO SHOW CAUSE; DENYING EXTENSION MOTION AS MOOT; DENYING MOTION TO DISMISS; REQUIRING ELECTION BY PETITIONER**<br><br>Dkt. Nos. 16, 17, 20, 28 |

Demond Spikes, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1 (original petition), Dkt. No. 10 ("Amended Petition"). Defendants moved to dismiss the Amended Petition in part, Dkt. No. 16 ("Dismissal Motion"), and the Court ordered the parties to show cause why this action should not be stayed, Dkt. No. 26 ("Order to Show Cause").

For the reasons below, the Order to Show Cause is VACATED and Mr. Spikes's request for an extension of time to respond to the Order to Show Cause is denied as moot. The Dismissal Motion is DENIED without prejudice to renewal, and Mr. Spikes is ordered to elect how to proceed with the Amended Petition.

**I.    Background**

The parties appear to agree the original petition constructively was filed on November 10, 2022. *See* Dkt. Nos. 16, 21. This action was closed for failure to prosecute, Dkt. No. 6, then reopened several months later when Mr. Spikes filed an Amended Petition, Dkt. No. 10. The Amended Petition added two new claims and modified two claims that had been included in the

original petition. *Compare* Dkt No. 1 *with* Dkt. No. 10.[1]

The Court found the Amended Petition cognizable and ordered Respondent to address the following claims:

> (1) Petitioner's first-degree murder conviction is not supported by sufficient evidence of deliberation and premeditation;
>
> (2) the state court erred in excluding evidence of third-party culpability, in violation of Petitioner's rights to due process and to present a complete defense;
>
> (3) the state court erred in admitting other crimes evidence;
>
> (4) the prosecutor committed misconduct when the prosecutor elicited inadmissible evidence of Petitioner's prior violence against prostitutes and argued an improper inference of bad character from that evidence;
>
> (5) trial counsel was ineffective when trial counsel failed to object to the admission of bad character evidence and the prosecution's improper closing argument, failed to investigate, interview, and present the testimony of exculpatory witness Vickey Simmons, and failed to object and move to exclude cell phone evidence obtained from an illegal search;
>
> (6) appellate counsel and collateral review counsel were ineffective when they failed to argue on direct appeal and in collateral proceedings that trial counsel had been ineffective when trial counsel failed to investigate, interview, and present the testimony of exculpatory witness Vickey Simmons, and when trial counsel failed to object and move to exclude cell phone evidence obtained from an illegal search;
>
> (7) cumulative error; and
>
> (8) habeas counsel was ineffective for failing to investigate and interview alibi witness Johnathan Green and failing to obtain Mr. Green's declaration.

Dkt. No. 11 at 3 (listing all claims in the Amended Petition, finding them all cognizable, and

---

[1] The parties appear to agree the Amended Petition constructively was filed April 27, 2023. *See* Dkt. Nos. 16, 21.

ordering Respondent to address the Amended Petition in its entirety).

Respondent moved to dismiss the Amended Petition on the grounds that the new claims and amended claims were untimely and did not relate back to the filing of the original petition. Dkt. No. 16 at 3–6 (challenging Claims 6 and 8 in their entirety and Claims 5 and 7 in part). Respondent also argued the new claims and amended claims were unexhausted. *See id*. at 7–8. Finally, Respondent argued that Claim 8 and portions of Claim 6 were not cognizable. *See id*. at 6–7.

The Court ordered the parties to show cause why this action should not be stayed pursuant to *Duke v. Gastelo*, 64 F.4th 1088 (9th Cir. 2023), and in the alternative permitted Mr. Spikes to request a stay of his mixed petition pursuant to *Rhines v. Weber*, 544 U.S. 269. *See* Dkt. No. 26 ("Order to Show Cause").

Respondent timely filed a response to the Order to Show Cause. *See* Dkt. No. 27. Respondent explained that because Mr. Spikes's state proceedings had concluded and Mr. Spikes had not filed a timely state-court appeal, *Duke* no longer applied. *See id*. On that baiss, the Court VACATES the Order to Show Cause.

Mr. Spikes did not respond to the Order to Show Cause to the extent it relied on *Duke*. *See* Dkt. No. 28. But Mr. Spikes requested an extension of time to respond to the Order to Show Cause so that he might provide evidence that he satisfies the *Rhines* criteria. *See id*.

## II.  ANALYSIS

Mr. Spikes will be allowed to file a motion seeking a *Rhines* stay. Because a successful *Rhines* motion could have the effect of curing timeliness issues, and because cognizability is to be construed liberally at this juncture, the Court concludes it is premature to rule on Respondent's arguments that parts of the Amended Petition are not cognizable and/or are time-barred.

### A.  *Rhines* stay

Because Mr. Spikes is required to, but did not, exhaust four of his claims, the Amended Petition is a "mixed petition" of exhausted and unexhausted claims. *See Rhines*, 544 U.S. at 277. The Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (forbidding

courts from adjudicating mixed petitions).

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress "dramatically altered the landscape for federal habeas corpus petitions." *Rhines*, 544 U.S. at 272, 274. As relevant here, AEDPA preserved and codified the requirement that petitioners exhaust state remedies before proceeding in federal court, *see id*. at § 2254(b)(1)(A); codified and made more restrictive the judicial doctrine of "abuse of the writ" as a bar on "second or successive" petitions, *see* 28 U.S.C. § 2244(b); and imposed a one-year statute of limitations on the filing of federal petitions, *see id*. at § 2244(d), which is not tolled by the filing of a federal habeas petition, *see Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Taken together, AEDPA's restrictions may bar Mr. Spikes from later litigating his unexhausted claims in federal court. This risk is present even if the Court were to dismiss Mr. Spikes's unexhausted claims without prejudice. As the Ninth Circuit has explained, AEDPA's restrictions apply even if a dismissal is entered without prejudice:

> [P]etitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims, ... because, absent a stay, they are presented with two choices, each of which will ordinarily result in precluding some or all of their claims:  Either they may voluntar[il]y dismiss unexhausted claims, proceeding on only the exhausted ones, or they may decline to do so, leading to dismissal of the entire petition. Either kind of dismissal would be, in form, without prejudice. But, because the one-year statute of limitations is not tolled while the federal petition is pending, … and because state proceedings can be lengthy and unpredictable, in most cases either option will mean that a petitioner will be barred from federal review of some or all of his claims by the time he exhausts them. If a petitioner voluntarily dismisses his unexhausted claims, it is very likely that final state court exhaustion of unexhausted claims will come too late to allow the claims to be heard in federal court, whether because (1) the statute of limitations period will have run on the claims and they will not relate back to the filing of the petition because they do not 'arise[ ] from the same core of operative facts as a claim contained in the original petition,' … (2) the remaining federal habeas petition will have been decided by the time the state courts act on the new habeas claims, triggering the onerous requirements for filing a second or successive habeas petition, … or (3) both. Similarly, if a petitioner chooses to accept dismissal of the entire petition under *Lundy*, he will very likely be barred from reasserting any of his claims in federal court by

> AEDPA's statute of limitations. In either event, the result is the same as to the unexhausted claims: The petitioner will lose the opportunity ever to present those claims to a federal habeas court.

*Mitchell v. Valenzuela*, 791 F.3d 1166, 1171–72 (9th Cir. 2015) (emphases added, citations omitted). *See also Jackson v. Roe*, 425 F.3d 654, 660 (9th Cir. 2005) (noting that if a petitioner chooses to "strik[e] his unexhausted claims and go[] forward with an exhausted petition . . . once the other claims had been exhausted, a petitioner could return to federal court," but that "[t]he second petition … would be subject to the strict limitations AEDPA places on successive petitions.") (citations omitted).

In *Rhines*, the United States Supreme Court "recognize[d] the gravity of this problem and the difficulty it has posed for petitioners" with unexhausted claims. *Rhines*, 544 U.S. at 275. To address habeas petitioners' difficulty, while still respecting the restrictions Congress chose to enact in AEDPA, the United States Supreme Court held that federal district courts may stay mixed petitions "in limited circumstances" so that a petitioner may return to state court to exhaust any unexhausted claims. *See id*. at 277. Federal district courts also retain the ability to dismiss an entire mixed petition or to dismiss unexhausted claims and proceed with the exhausted claims, although these outcomes bring the risks for petitioners discussed above. *See Mitchell*, 791 F.3d at 1171–72; *Jackson*, 425 F.3d at 660.

The United States Supreme Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of AEDPA. *See Rhines*, 544 U.S. at 277. Specifically, the United States Supreme Court observed that a stay "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* For these reasons, a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court"; the claims are not meritless; and there are no intentionally dilatory litigation tactics by the petitioner. *Id*. at 277–78.

5

Case 5:22-cv-07293-PCP   Document 29   Filed 09/03/24   Page 6 of 10

Accordingly, the Court will allow Mr. Spikes to choose whether he wants to:

(1) dismiss this entire case and return to state court to exhaust his unexhausted claims before filing a new federal petition presenting all his claims;

(2) dismiss the unexhausted claims, and go forward in this action with only the exhausted claims; or

(3) file a motion for a stay of these proceedings while he exhausts the unexhausted claims in state court.

Mr. Spikes is cautioned that each option has risks which he should take into account in deciding which option to choose. For example, if Mr. Spikes chooses option (1), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, as explained above a new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d); *see also Mitchell*, 791 F.3d at 1172. If Mr. Spikes chooses option (2) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition asserting the currently unexhausted claims. *See* 28 U.S.C. § 2244(b); *see also Mitchell*, 791 F.3d at 1171–72; *Jackson*, 425 F.3d at 660. If Mr. Spikes chooses option (3), he must file a motion in this Court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this Court. And under option (3), this action stalls: This Court will do nothing further to resolve the case while Mr. Spikes is diligently seeking relief in state court.

If Mr. Spikes elects option (3), the Court notes that any stay must be limited in time to avoid indefinite delay. *Rhines*, 544 U.S. at 277–78. Reasonable time limits would be 30 days to get to state court, as long as reasonably necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. *See id*. at 278; *Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). In addition, if Mr. Spikes elects option (3) and moves for a stay, he must show that he satisfies the *Rhines* criteria. To reiterate, he must show that there is good cause for his failure to exhaust his claims first in state court; the claims are not meritless; and he did not engage in any intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277–78.

There is a fourth option for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070–71). A petitioner seeking to avail himself of this fourth option is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 664 (2005), and *Duncan v. Walker*, 533 U.S. 167 (2001), because it shares a "common core of operative facts," with the original complaint and thus relates back to the original complaint for purposes of AEDPA's statute of limitations. *See King*, 564 F.3d at 1141–43 (discussing the *Kelly* procedure).

### B. Timeliness and cognizability

In its response to the Order to Show Cause, Respondent argues that a stay should not be granted under *Duke* or *Rhines* because Respondent's timeliness and cognizability arguments are dispositive of the unexhausted claims. *See* Dkt No. 27 at 2. The Court has grave doubts regarding the cognizability of Claim 8 and parts of Claim 6, but it would be premature to conclude, before Mr. Spikes has filed a notice or *Rhines* motion, that these claims are unsalvageable.

Although district courts must ensure that a petitioner meets every *Rhines* criterion to avoid "frustrat[ing] AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "undermin[ing] AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition," *Rhines*, 544 U.S. at 277, courts in this District will liberally

construe the *Rhines* motion itself.² This includes the *Rhines* requirement that the petitioner's claim must be potentially meritorious. *See, e.g.*, *Gaines v. Dobson-Davis*, No. C 14-0027 LHK (PR), 2014 WL 1572752, at *2 (N.D. Cal. 2014) ("The unexhausted claims not dismissed above have been found, *when liberally construed*, to be cognizable, and thus they are potentially meritorious.") (emphasis added).³

As to cognizability, Mr. Spikes has alleged enough to be permitted to seek a *Rhines* stay. Here, Claim 6 argues that collateral review counsel was ineffective, and further that this ineffectiveness violated the Due Process Clause. *See* Am. Pet. at 50–51. On similar facts, another court in this District found the invocation of the Due Process Clause sufficient to salvage a claim for purposes of a *Rhines* motion. *See Villa v. State*, No. C 13-2228 JSW (PR), 2013 WL 3353839, at *1 (N.D. Cal. July 1, 2013) (liberally construing whether the unexhausted claims are cognizable, and "not[ing] that while the second claim cites no federal constitutional right," when liberally construed the claim could implicate the Due Process Clause). Moreover, another court in this District already ruled that, when liberally construed, all the Amended Petition's claims were cognizable. *See* Dkt. No. 11 at 3. The Court concludes this is sufficient at least to allow Mr. Spikes the chance to argue in favor of staying these claims in a *Rhines* motion. For clarity, this does not mean that the Court will grant relief on Claims 6 or 8, nor that Respondent is barred from raising the cognizability argument in the future. Rather, the Court concludes only that in the current procedural posture, where Mr. Spikes appears eager to seek a *Rhines* stay but has yet to do so, it is premature to dismiss these claims.

---

² *See, e.g., Nelson v. Robertson*, No. 19-CV-08057-EMC, 2023 WL 2919796, at *1 (N.D. Cal. Mar. 9, 2023) (liberally construing petitioner's *Rhines* motion); *Torres v. Kernan*, No. 20-CV-03159-PJH, 2020 WL 8513083, at *1 (N.D. Cal. Dec. 3, 2020) (same) *Reed v. Arnold*, No. C 08-5292MHP (PR), 2009 WL 743883, at *1 (N.D. Cal. Mar. 18, 2009) (same); *Huffman v. Evans*, No. C 07-0476 SI (PR), 2008 WL 2047894, at *1 (N.D. Cal. May 12, 2008). *See also Clay v. Neuschnid*, No. 19-CV-06320-KAW (PR), 2019 WL 12267843, at *2 (N.D. Cal. Oct. 28, 2019) (liberally construing the petitioner's good cause argument); *Gilbert v. Paramo*, No. 16-CV-03449-VC (PR), 2016 WL 11653634, at *2 (N.D. Cal. July 25, 2016) (same); *McCowan v. Gower*, No. 15-CV-03266-JST, 2016 WL 11717293, at *1 (N.D. Cal. Jan. 8, 2016) (same).

³ *See also Annin v. Horel*, No. C 06-7273 SBA (PR), 2009 WL 890889, at *4 (N.D. Cal. Mar. 31, 2009) (liberally construing whether unexhausted claims stated a cognizable basis for federal habeas relief).

As to the timeliness argument, the judgment from which the limitations period runs is the one pursuant to which the petitioner is incarcerated. *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017) (citing *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)). In other words, the federal limitation period under 28 U.S.C. § 2244(d)(1)(A) runs from the most recent amended judgment of conviction in the state district court, not from the original judgment. *See id.*; *see also Gonzalez v. Sherman*, 873 F.3d 763, 769–73 (9th Cir. 2017) (concluding that, because "a change to a defendant's sentence is a change to his judgment," a habeas petition filed within one year of the amended sentence was timely); *see also id*. at 773 (recognizing that "our holding will likely have the effect of allowing more prisoners to file timely federal habeas petitions").

Under this precedent, if Mr. Spikes returns to state court to exhaust his unexhausted claims, and he obtains a new or amended judgment, this in turn would restart the statute of limitations. Because Mr. Spikes appears to seek a *Rhines* stay that would allow him to return to state court to obtain an amended judgment, it would be premature to dismiss his claims as untimely. If a *Rhines* stay is granted and a new or amended judgment is issued, this would moot this Court's ruling on such an issue. If a *Rhines* stay is not granted, or if Mr. Spikes's return to state court does not result in a new or amended judgment, then Respondent may re-raise this argument. *Branham v. Montana*, 996 F.3d 959, 968 (9th Cir. 2021) ("When [] a proceeding [under Montana law allowing a prisoner to challenge the length of a sentence] results in the vacatur of the sentence and imposition of a new sentence, then the statute of limitations will run anew from the imposition of the new judgment. . . . But when it does not, the proceeding is generally characterized as collateral review and does not restart the limitations period.") (citations omitted). There thus is nothing to be gained or lost by ruling on the timeliness of Mr. Spikes's Amended Petition at this juncture.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Respondent's Dismissal Motion is DENIED without prejudice.

2. Mr. Spikes must file **within forty-two (42) days** from the date of this order, a notice in which he states whether he chooses to

9

(1) dismiss this action and return to state court to exhaust his unexhausted claims before returning to federal court to present all his claims in a new petition;

(2) dismiss the unexhausted claims and go forward in this action with only his exhausted claims; or

(3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims.

If Mr. Spikes chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Notice of Choice By Petitioner" and states simply: "Petitioner chooses to proceed under option ___ provided in the Order Denying Respondent's Motion to Dismiss Petition And Requiring Election By Petitioner." Mr. Spikes would have to insert a number in place of the blank space to indicate which of the first two options he chooses.

If Mr. Spikes chooses Option (3), **within forty-two (42) days** from the date of this order, petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims.

3. If Mr. Spikes does not choose one of the three options or file a motion by the deadline, the Court will assume that he intended to select option (2), will dismiss the unexhausted claims, and will set a briefing schedule on the Amended Petition.[4]

This order terminates Docket Nos. 16, 17, 20, and 28.

**IT IS SO ORDERED.**

Dated: September 3, 2024

_____
P. Casey Pitts
United States District Judge

---

[4] Because Respondent challenged all the new and amended claims both as untimely and for failure to exhaust, *see* Dkt. No. 16 at 3–6, this would have the same effect as if the Court had granted Respondent's Dismissal Motion.

10